UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 16-12011 |
| | ) | Chapter 7 |
| PETER T. MARANO | ) | |
| _____ | | |
| EDWARD MACPHERSON | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER T. MARANO | ) | |
|     Defendant | ) | |

## ADVERSARIAL COMPLAINT

Now comes the Plaintiff, Edward MacPherson, and sues the Defendant/Debtor, Peter T. Marano, and alleges:

### JURISDICTION; VENUE; PARTIES

1. The plaintiff, Edward MacPherson is natural person who resides in the Westwood, Massachusetts.

2. The Defendant/Debtor, Peter T. Marano, is a natural person who resides in Peabody, Massachusetts.

3. On or about May 26, 2016, the Defendant filed a Chapter 7 petition in Bankruptcy. This filing was one year to the day after a previous Chapter 7 filing which was dismissed.

4. This adversary proceeding is commenced under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, by Plaintiffs seeking a determination of non-dischargeability of debt owed to the Plaintiff by Defendant pursuant to 11 U.S.C. sec. 523(a)(2)(A).

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. sec. 1334 and 28 U.S.C. sec. 157.

6. Venue is proper in this district by virtue of 28 U.S.C. sec. 1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this District.

7. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(1).

## FACTS

8. On or about June 26, 2006 Edward MacPherson (hereinafter "Office MacPherson) was injured while working as the result of the violation of his civil rights by a Massachusetts State Trooper, Robert Grover (hereinafter "Trooper Grover").

9. Due to Officer MacPherson's injuries he retained Peter T. Marano (herein after "Attorney Marano") to represent him in his lawsuit.

10. Attorney Marano held himself out as an attorney with much experience in the field of civil rights litigation.

11. Attorney Marano represented to Officer MacPherson that he was capable of handling his civil rights case.

12. Attorney Marano filed a Federal civil rights action against Trooper Grover and various other members of the Massachusetts State Police.

13. In the course of representing Officer MacPherson, Attorney Marano failed to respond to discovery served upon his client, Officer MacPherson.

14. In the course of representing Officer MacPherson, Attorney Marano failed to oppose four separate Motions to Compel regarding the requested discovery.

15. In the course of representing Officer MacPherson, Attorney Marano failed to comply with a Federal Court Order regarding the production of the requested discovery.

16. On or about August 25, 2009 the Court ordered the dismissal of Officer MacPherson's case.

17. On or about October 16, 2009, nearly two months after Officer MacPherson's case had been dismissed Attorney Marano filed a Motion for Reconsideration.

18. The Motion did not list any legitimate reasons for failing to comply with the Federal Rules of Civil Procedure or for failing to comply with the direct Orders of the Court.

19. Attorney Marano's Motion was denied on or about October 28, 2009.

20. The plaintiff filed an action in the Norfolk Superior Court against Attorney Marano on or about November 3, 2010.

21. The Complaint against Attorney Marano contained a count for Breach of Professional Duty and a violation of M.G.L. c.93A.

22. A Jury Trial was held from September 30, 2014 through October 3, 2014.

23. The Jury returned a verdict against attorney Marano on the Count of Breach of Professional Duty on October 4, 2014.

24. The Honorable Patrick F. Brady reserved to himself the M.G.L. c. 93A count and made Finding and Rulings of Law on the Chapter 93A count in favor of the plaintiff on October 14, 2014. A copy of Judge Brady's Findings is attached hereto as Exhibit "A" and is incorporated herein by reference.

25. Judge Brady found "Attorney Marano's conduct in undertaking and handling officer MacPherson's case against Trooper Grover and the other state police officers was a violation of G.L.c.93A"

26. Judge Brady found that "When MacPherson met Marano for the first time in his office, attorney Marano said or implied that he had a great case, that he (Marano) knew what he

was doing and that he was going to get a big verdict. In fact, Marano was blowing smoke. He did not know what he was doing. Hea had been practicing law for about 15 months. He did not know the rudiments of the Federal Rules of Civil Procedure and the local rules of the United States District Court."

27. Judge Brady further found that "Not knowing the basic rules, Marano was hopelessly incompetent. He did not act with reasonable diligence (rule 1.3). He did not keep his client, officer MacPherson, reasonably informed about the status of the matter (rule 1.4)."

28. Further, Judge Brady found "he did not respond to the chapter 93A letter because he had nothing to say; his malpractice was indefensible. He was obliged to make a reasonable settlement offer. His failure to do so warrants treble damages"

29. Lastly, Judge Brady wrote "I find that his malpractice was willful and knowing in that he knew that his legal knowledge about the rules governing civil ligation was woefully inadequate to handle plaintiff's case".

30. Judgment entered on November 4, 2014.

31. The plaintiff was awarded $150,000 for the underlying damages in the M.G.L. c. 93A matter (with interest) and $300,000 punitive damages (without interest).

32. The plaintiff has a valid Judgment based on a Willful and Knowing violation of G.L. c.93A against the defendant from a Massachusetts State Court. By reason of the foregoing, the plaintiff is entitled to a finding by the United States Bankruptcy Court that the debt owed to plaintiff in the amount of $150,000 for the underlying damages in the matter (with interest) and $300,000 punitive damages (without interest) is a non-dischargeable debt under 11 U.S.C. §523(a)(6).

WHEREFORE, the plaintiff, Edward MacPherson, demands a finding by the United States Bankruptcy Court that the debt owed to the Plaintiff is a non-dischargeable debt under 11 U.S.C. §523(a)(6).

        Respectfully submitted,
        The Plaintiff, by his attorney,

        /s/ Michael J. Heineman
        Michael J. Heineman (BBO # 556841)
        Heinlein Beeler Mingace & Heineman, P.C.
        276 Union Avenue
        Framingham, MA 01702
        (508) 626-8500
        MHeineman@HBMHlaw.com

Dated: 08/17/2016