**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>PETER T. MARANO<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 16-12011-MSH |
| EDWARD MACPHERSON<br><br>Plaintiff<br><br>v.<br><br>PETER T. MARANO<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. 16-01145 |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO DISMISS**

Edward MacPherson filed a bare bones complaint in which he claims a judgment he obtained in state court against Peter T. Marano, the debtor in the main bankruptcy case, should be determined non-dischargeable pursuant to Bankruptcy Code § 523(a).[1] Before me is his

---

[1] All references to the Bankruptcy Code or Code are to title 11 of the United States Code, 11 U.S.C § 101 *et seq*.

1

motion for summary judgment. Mr. MacPherson asserts in his complaint that Mr. Marano's debt to him is non-dischargeable under subsections (a)(2)(A) and (a)(6) of Bankruptcy Code § 523. At oral argument on his motion for summary judgment, however, counsel to Mr. MacPherson made it crystal clear that his invoking of subsection (a)(6) in his complaint was in error and he meant to rely on subsection (a)(4). In response to my question at the hearing as to whether Mr. MacPherson asserted his claim under subsection (a)(4) or (a)(6), Mr. MacPherson's counsel stated without hesitation: "(a)(4). We never alleged (a)(6)" and (a)(6) is "not part of our claim, we do not claim this is a willful intentional injury."[2] I will, therefore, consider the complaint's reference to (a)(6) to have been in error and accept it and Mr. MacPherson's motion for summary judgment as pursuing a claim under Bankruptcy Code § 523(a)(4) along with § 523(a)(2)(A). Mr. Marano opposes the entry of judgment in Mr. MacPherson's favor and requests dismissal of his complaint, which I will treat as a motion for judgment on the pleadings.[3]

---

[2] Transcript of February 8, 2017 summary judgment hearing ("Transcript") at p.4.

[3] In his opposition to Mr. MacPherson's summary judgment motion, Mr. Marano included a request to dismiss the complaint because Mr. MacPherson is not entitled to relief, the stuff of which motions to dismiss under Fed. R. Civ. P. 12(b)(6) (made applicable to this proceeding by Fed. R. Bankr. P. 7012) are made. Mr. Marano's motion follows his filing of an answer and Rule 12(b) requires that such a motion must be made *before* a responsive pleading is filed. Rule 12(h)(2), however, permits a Rule 12(b)(6) motion to be made under Rule 12(c). Rule 12(c)'s only time limitation is that the pleading must be made "[a]fter the pleadings are closed — but early enough not to delay trial. . ." I will treat Mr. Marano's request to dismiss the complaint as one for judgment on the pleadings under Fed. R. Civ. P. 12(c).

The standards for determining a motion for summary judgment, a motion to dismiss or a motion for judgment on the pleadings are straightforward.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56, made applicable by Fed. R. Bankr. P. 7056. A genuine issue is "one that is supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve [the issue] in favor of the nonmoving party." *See In re McCarthy,* 473 B.R. 485, 491 (Bankr. D. Mass. 2012) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.,* 200 F.3d 1, 2 (1st Cir.1999)). A material fact is one that might affect the outcome of the case under the governing law. *See McCarthy,* 473 B.R. at 491.

The moving party in a summary judgment motion bears the initial burden of demonstrating that no genuine issue of material fact exists by pointing to materials of evidentiary quality such as affidavits or depositions that are so one-sided as to warrant judgment as a matter of law. *See Anderson v. Liberty Lobby,* 447 U.S. 242, 252 (1986); *In re Varrasso,* 37 F.3d 760, 763 (1st Cir.1994). "Only if the record, viewed in that manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes,* 116 F.3d 957, 959 (1st Cir. 1997).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) (made applicable to bankruptcy case by Fed, R. Bankr. P. 7012) is scrutinized under essentially the same standard as a motion to dismiss, namely that the pleadings taken in the light

3

most favorable to the non-movant must establish a plausible claim. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 560 (2013) "A Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006). When reviewing a motion under Rule 12(c), the court may consider "documents the authenticity of which are not disputed by the parties; ... documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." *Romanoff v. CitiMortgage, Inc.*, 189 F. Supp.3d 285, 288 (D. Mass. 2016) (internal citations and footnotes omitted).

There are no issues of material fact in dispute in this adversary proceeding. The only dispute is over the law. Here are the facts as they are primarily drawn from the Findings and Rulings on Chapter 93A, Section 9 Claim (Count Two) and Order for Judgment ("State Court Findings") entered on October 16, 2014, in the state court action brought by Mr. MacPherson against Mr. Marano. *MacPherson v. Marano*, Superior Court Department of the Trial Court of Massachusetts for Norfolk County, Case No. 10-01986.

Mr. MacPherson, a Boston police officer, sustained injuries arising from a June 26, 2006 altercation with Robert Grover, a Massachusetts state trooper. Mr. MacPherson engaged Mr. Marano, a fledgling attorney, to represent him in a lawsuit against Trooper Grover and others. During their first meeting:

> [A]ttorney Marano said or implied that he [MacPherson] had a great case, that he (Marano) knew what he was doing and that he was going to get a big verdict.

State Court Findings at pp. 9-10.

4

On February 19, 2008, Mr. Marano filed on behalf of Mr. MacPherson a complaint against Trooper Grover and others in the United States District Court for the District of Massachusetts for assault and battery and violations of federal and state civil rights laws. The federal court suit went nowhere and was ultimately dismissed. The State Court Findings tell the story:

> [The defense counsel] served attorney Marano with interrogatories and a request for production of documents under rule 34, Federal Rules of Civil Procedure, in January 2009. Responses were due on February 18, 2009. Although Mr. Marano eventually provided answers to interrogatories (although not in the form required by the rules with question followed by an answer), he never served [defense counsel] with a formal response to her 25 paragraph document request under rule 34. Claiming that she did not receive a response or the documents, she filed a motion to compel on May 22, 2009… Attorney Marano did not oppose the motion to compel. Judge Young, not surprisingly, allowed the motion and eventually ordered discovery to be produced by July 1, 2009. Mr. Marano did not comply with Judge Young's order. Thereafter, on July 22, 2009, [the defense counsel] filed a motion for sanctions under rule 37, Federal Rules of Civil Procedure, asking for dismissal. Again, Mr. Marano never filed an opposition. Judge Young allowed the unopposed motion and dismissed the entire case on August 25, 2009. . .

State Court Findings p. 5.

Mr. Marano informed Mr. MacPherson of the dismissal, explaining only that "it sometimes happened in the federal court." State Court Findings at p. 5. In response to Mr. MacPherson's inquiry as to what could be done, Mr. Marano represented he would seek reconsideration of the dismissal. By an October 14, 2009 motion in which Mr. Marano blamed defense counsel for his lack of responsiveness to discovery, Mr. Marano sought reconsideration of the dismissal order. Judge Young denied reconsideration. No appeal was taken.

On February 1, 2010, Mr. MacPherson commenced his state court action against Mr. Marano claiming legal malpractice and violations of Mass. Gen. Laws c. 93A, § 9. After a four-

5

day jury trial on the malpractice claim, the jury returned a verdict in favor of Mr. MacPherson and awarded him $750,000 in damages. The state court judge thereupon issued the State Court Findings in which he ruled on the chapter 93A count. He discredited all of Mr. Marano's testimony and found Mr. Marano's conduct in undertaking and handling Mr. MacPherson's case was a violation of chapter 93A. The judge found that at their very first meeting when Mr. Marano told Mr. MacPherson he had a great case and was going to get him a big verdict that: "In fact, Marano was blowing smoke. He did not know what he was doing. He had been practicing law for about 15 months. He did not know the rudiments of the Federal Rules of Civil Procedure and the local rules of the United States District Court." State Court Findings at p. 10. Finding that Mr. Marano was "hopelessly incompetent" to handle Mr. MacPherson's case and that his malpractice was "indefensible," the Court stated:

> I find his malpractice was willful and knowing in that he knew that his legal knowledge about the rules governing civil litigation was woefully inadequate to handle plaintiff's case.

State Court Findings at p. 11.

The state court judge awarded Mr. MacPherson $150,000 plus interest as compensatory damages and $300,000 as punitive damages in addition to the jury's recommended $750,000 malpractice award. The state court judgment is final.

On May 26, 2016, Mr. Marano filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court. There are no assets available in the bankruptcy case for distribution to creditors. Mr. MacPherson instituted this adversary proceeding seeking

6

to except from Mr. Marano's discharge the $450,000 chapter 93A portion of his state court judgment. His motion for summary judgment followed.

As a general proposition, "the exceptions to discharge of a debt set forth in § 523(a) must be 'narrowly construed ... and the claimant must show that its claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a).' *McCrory v. Spigel (In re Spigel),* 260 F.3d 27, 32 (1st Cir. 2001) (citing *Century 21 Balfour Real Estate v. Menna (In re Menna),* 16 F.3d 7, 9 (1st Cir. 1994))." *Oasis, Inc. v. Fiorillo (In re Fiorillo)*, 520 B.R. 355, 359 (Bankr. D. Mass. 2014), *aff'd*, No. CV 15-11820-RWZ, 2017 WL 1197738 (D. Mass. Mar. 30, 2017). A creditor requesting that a debt be excluded from discharge must prove, by a preponderance of the evidence, that the particular debt falls under one of the exceptions to discharge in Code § 523(a). *Grogan v. Garner*, 498 U.S. 279, 286–91 (1991), *see also Palmacci v. Umpierrez,* 121 F.3d 781, 787 (1st Cir. 1997). To obtain a determination of nondischargeability on summary judgment, "the record must compel a determination of nondischargeability as a matter of law." *In re Porcaro*, 545 B.R. 384, 396 (B.A.P. 1st Cir. 2016) (citing *In re Tacason*, 537 B.R. at 49–50 (citations omitted)).

Here, Mr. MacPherson invokes principles of collateral estoppel arising by virtue of the State Court Findings to claim the non-dischargeability of a portion of his judgment. "The doctrine of issue preclusion, also referred to as collateral estoppel, bars the relitigation of issues determined in prior court actions." *Gray v. Tacason* (*In re Tacason*), 537 B.R. 41, 50 (B.A.P. 1st Cir. 2015). The doctrine of collateral estoppel applies in

dischargeability proceedings. *Grogan*, 498 U.S. 285 n. 11. In considering the preclusive effect of a state court judgment, a "federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *In re Lambert*, 459 B.R. 519, 522 (Bankr. D. Mass. 2011).

Under Massachusetts law, to determine whether collateral estoppel applies "a court must answer affirmatively four questions: (1) was there a final judgment on the merits in the prior adjudication; (2) was the party against whom estoppel is asserted a party (or in privity with a party) to the prior adjudication; (3) was the issue decided in the prior adjudication identical with the one presented in the action in question; and (4) was the issue decided in the prior adjudication essential to the judgment in the prior adjudication?" *Alba v. Raytheon Co.*, 441 Mass. 836, 842, 809 N.E.2d 516, 521 (2004).

While the state court action satisfies all four elements of the test, this is not game over for Mr. Marano. Mr. MacPherson must still carry his burden of establishing that the requirements of either subsections (a)(2)(A) or (a)(4) of Bankruptcy Code § 523 apply to his claims.

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud."

> "[T]o the extent obtained by" modifies "money, property, services, or ... credit"— not "any debt"—so that the exception encompasses "any debt ... for money, property, services, or ... credit, to the extent [that the money, property, services, or ... credit is] obtained by" fraud. The phrase thereby makes clear that the share of

8

> money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt. Once it is established that specific money or property has been obtained by fraud, however, "any debt" arising therefrom is excepted from discharge.

*Cohen v. de la Cruz*, 523 U.S. 213, 218–19, 118 S. Ct. 1212, 1216, 140 L. Ed. 2d 341 (1998). As explained in *Oasis v. Fiorillo*, "a predicate to any claim for § 523(a)(2)(A) non-dischargeability [is] that specific money or property has been obtained by fraud." *Id.* at 360. *See also* 6 COLLIER ON BANKRUPTCY (Alan N. Resnick and Henry J. Sommer eds., 16th ed.)) ¶ 523.08[1][a] ("For a debt to fall within this exception, money, property or service . . . must actually have been obtained by the false pretenses or representations or by means of actual fraud. The purposes of this provision are to prevent a debtor from retaining the benefits of property obtained by fraudulent means and to ensure that relief intended for honest debtors does not go to dishonest debtors.").

Mr. Marano did not obtain any money or property as a result of his willful and knowing malpractice. Thus Mr. MacPherson cannot make out a non-dischargeability case under subsection (a)(2)(A) as a result of that conduct.

Mr. MacPherson's other claim is under § 523(a)(4) which excepts from an individual debtor's discharge, among other things, any debt "for fraud or defalcation while acting in a fiduciary capacity. . . ." The *sine qua non* of the test is that the debtor must have been acting in a fiduciary capacity when the fraud or defalcation occurred. If the debtor was not a fiduciary, there can be no fiduciary fraud or defalcation. *Rutanen v. Baylis (In re Bayliss)*, 313 F.3d 9 (1st Cir. 2009). "This bar to discharge reaches debts incurred through abuses of fiduciary positions ... [and] involv[es] debts arising from the debtor's acquisition or use of property that is not the debtor's." *Raso v. Fahey (In re*

*Fahey)*, 482 B.R. 678, 687 (B.A.P. 1st Cir. 2012) (citing *FNFS, Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 619 (5th Cir. 2011) (citations and internal quotations omitted)).

Whether a debtor is acting as a fiduciary is determined by federal not state law although state law will dictate the nature of the trust relationship, if any. *Fahey*, 482 B.R. at 688. In order to be acting as a fiduciary within the meaning of § 523(a)(4), a party must be acting pursuant to an express or technical trust. Many courts have expanded the reach of § 523(a)(4) to include fiduciary duties imposed by statute or common law, *Farley v. Romano (In re Romano)*, 353 B.R. 738, 762 (Bankr. D. Mass. 2006), although statutory and common law trusts are the kind of trusts that many courts include within the term "technical trust." *Fahey*, 482 B.R. at 668. Section 523(a)(4) does not, however, include a trust which the law implies from a contract or a trust imposed as a remedy for wrongdoing. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333 (1934) ("It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio."); *Shcolnik v. Rapid Settlements, Ltd. (In re Shcolnik),* 670 F.3d 624, 628 (5th Cir. 2012) (A fiduciary relationship "is limited to instances involving express or technical trusts".); *Clair v. Colmes,* 245 Mass. 281, 285 (1923) ("[I]t has long been settled that the term 'fiduciary capacity' relates to technical or express trusts, and does not include implied by law from contracts or agency or bailment.")

The hallmark of a trust is the safeguarding of and accountability for property delivered to the fiduciary. As the Bankruptcy Appellate Panel for the First Circuit

articulated, fiduciary fraud or defalcation "*involv[es] debts arising from the debtor's acquisition or use of property that is not the debtor's.*" *Fahey*, 482 B.R. at 687 (internal citations and internal quotations omitted; emphasis added).

"[T]he exception to discharge under §523(a)(4) 'for fraud or defalcation while acting in a fiduciary capacity' will not apply to an attorney unless there is an entrustment of client funds or property." *Stallworth v. McBride (In re McBride)*, 512 B.R. 103, 113 (Bankr. D. Mass. 2014) (holding that settlement of a forfeiture action without client consent was not an act committed by attorney while acting in a fiduciary capacity). *See also In re Garver*, 116 F.3d 176, 179 n.6 (6th Cir. 1997) ("Absent an express or technical trust, an attorney's legal malpractice, like all other types of professional malpractice, remains dischargeable under the Code."). As the court in *Anderson v. Ingeneri (In re Ingeneri)*, 321 B.R. 601, 604-05 (Bankr. D. Me. 2005), explained:

> When client property is entrusted to an attorney the attorney-client relationship, which would otherwise be a fiduciary relationship based upon special knowledge, skills, and expectations, becomes, in addition to that, a technical trust relationship. With the entrustment of property an attorney automatically takes on the duties (i.e., "fiduciary capacity") of a trustee. These trust duties are in addition to the ordinary fiduciary duties attendant upon a purely service based (e.g., litigation) attorney-client relationship. It is the entrustment of property which superimposes a technical trust upon the attorney- client relationship and it is the existence of a technical trust which places the lawyer in a fiduciary capacity. Consequently, the exception to discharge under § 523(a)(4) "for fraud or defalcation while acting in a fiduciary capacity" will not apply to a lawyer unless he or she has been entrusted with funds or property. When, as here, the underlying debt is a judgment for professional negligence or fraudulent misrepresentation with respect to legal services like litigation, the § 523(a)(4) exception will not apply.

(Internal citations omitted).

11

Because there was no express, technical or statutory trust by which Mr. Marano held property of Mr. MacPherson, he was not acting in a fiduciary capacity within the meaning of § 523(a)(4) when he incompetently represented Mr. MacPherson. Thus, as a matter of law the judgment debt held by Mr. MacPherson cannot be excepted from discharge under § 523(a)(4).

I therefore conclude that Mr. MacPherson's motion for summary judgment must be denied. Because Mr. MacPherson's debt is not excepted from discharge under either § 523(a)(2)(A) or (a)(4), I will grant Mr. Marano's motion for judgment on the pleadings.

Separate orders will issue.

At Boston, Massachusetts this 14th day of June, 2017.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Michael J. Heineman, Esq.
Mingace & Heineman, P.C.
Framingham MA
for Edward MacPherson, plaintiff

George C. Maroun, Esq.
Methuen, MA
for Peter T. Marano, defendant